### HENRY BURRICK v. RICHARD BURNS.

**Exceptions—Appeal and Error.**
> Where the record does not show exceptions to the giving or refusing of instructions below, the Appellate Court cannot revise it.

**Witness—Absence—Continuance—Drunkenness.**
> It is the duty of a defendant, knowing of the absence of a material witness, to move for a continuance; alleged drunkenness is no legal excuse for a defendant's absence and culpable neglect of his own case.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 31, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The record shows no exception to the giving or refusing of instructions by the court; and therefore, even if there had been any error in that respect, this court could not revise it. The affidavit of the appellant did not entitle him to a new trial. The testimony of his absent witnesses could have had but little, if any, effect on the amount of damages, and the appellant ought to have known that the witness was absent, and have moved for a continuance; his alleged drunkenness is no legal excuse for his own absence and culpable neglect of his case.

Nor does the amount of the assessed damages entitle the appellant to a new trial.

This court cannot say that for such a battery resulting in such a disability, $500 should be deemed so exorbitant as to indicate passion or prejudice.

Wherefore, the judgment is affirmed with damages.

*Norvell & Ross,* for appellant.

*Stanton & Throop,* for appellee.